IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40049
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIE RICHARD HOLT,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94CR82-4
- - - - - - - - - -
August 23, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Willie Richard Holt has appealed his sentence, raising one issue--whether he was entitled to a two-level reduction in offense level because he was a minor participant in the criminal enterprise.  A sentence imposed under the Sentencing Guidelines will be upheld if it is the result of the correct application of the Guidelines to factual findings that are not clearly erroneous.  United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir.), cert. denied, 115 S. Ct. 214 (1994).  A factual finding is

_____

     [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

not clearly erroneous if it is plausible in light of the record read as a whole. Id. The determination of the defendant's role in the offense is factual in nature, and is reviewed for clear error. Id.

A district court must reduce a defendant's offense level by two levels if the defendant was a minor participant. U.S.S.G. § 3B1.2; see United States v. Gadison, 8 F.3d 186, 197 (5th Cir. 1993). The defendant bears the burden of proving that his role in the offense was minor. United States v. Brown, 7 F.3d 1155, 1160 n.2 (5th Cir. 1993). In making the determination, the court must take into account the broad context of the defendant's crime. United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989), cert. denied, 495 U.S. 923 (1990). A defendant should be considered a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." § 3B1.2, comment. (n.3). A defendant is not entitled to a minor participant reduction unless he is substantially less culpable than the average participant. Gadison, 8 F.3d at 197. The fact that other co-defendants were more culpable does not automatically qualify a defendant for either minor or minimal participant status. See United States v. Thomas, 963 F.2d 63, 65 (5th Cir. 1992). Considering the number of times Holt transported marijuana and the quantities involved, the district court's refusal to give Holt a § 3B1.2(b) adjustment was not clearly erroneous. See Buenrostro, 868 F.2d at 138.

AFFIRMED.